'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHARON JEAN SHUBIN,

        Plaintiff,

    v.

UNIVERSAL VACATION CLUB et al.,

        Defendants.

2:22-cv-2748-RSWL-AGRx

**ORDER re:**
**DEFENDANT UVC'S MOTION**
**TO DISMISS** [13]

    Sharon Jeanne Shubin ("Plaintiff") brings this Action against Universal Vacation Club ("Defendant UVC"), Villa Group Hotel and Resorts, S.A. de C.V. in Puerto Vallarta ("Villa Group"), and Villa del Arco Beach Resort and Spa Cabo San Lucas ("Villa del Arco" or the "Resort"), alleging: (1) negligence; and (2) breach of express and implied warranties.  Currently before the Court is Defendant UVC's Motion to Dismiss ("Motion") [13].

1   Having reviewed all papers submitted pertaining to
2   the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**
3   the Court **GRANTS** Defendant UVC's Motion.

**I.   BACKGROUND**

**A.   Factual Background**

6   Plaintiff alleges the following in her Complaint:
7   Plaintiff is an individual domiciled in Idaho.
8   Compl. ¶ 3, ECF No. 1.  Defendant UVC is an
9   international corporation which conducts business in
10  California and is headquartered in Nevada.  Id. ¶ 4.
11  Defendant UVC is a vacation ownership management
12  company serving as the homeowners' association for the
13  Resort.  Id.  The Resort is a timeshare hotel located in
14  Cabo San Lucas, Mexico and is governed by Defendant
15  Villa Group.  Id. ¶ 5.
16  Plaintiff reserved a stay at the Resort for
17  November 2019.  Id. ¶¶ 8, 12.  Upon her arrival,
18  Plaintiff was shown to her suite, which was equipped
19  with a heavy wall bed (the "Murphy Bed"), a bed
20  containing lifting components that folds up into the
21  wall when not in use.  Id. ¶ 13.  On November 25, 2019,
22  Plaintiff was in her suite, lowering the Murphy Bed,
23  when it fell out of the wall and landed on the lower
24  part of her body.  Id. ¶¶ 14-15.
25  As a result of the incident, Plaintiff sustained
26  leg injuries and received medical services at both a
27  hospital in Cabo San Lucas, Mexico and later in Boise,
28  Idaho.  Id. ¶¶ 19-24.

**B.   Procedural Background**

Plaintiff filed her Complaint [1] in this Court on April 25, 2022, alleging: (1) negligence; and (2) breach of implied and express warranties.

Defendant UVC filed the instant Motion [13] on June 3, 2022.  Plaintiff filed her Opposition [17] on June 14, 2022, and Defendant UVC replied [19] on June 21, 2022.

## II.   DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a party to move for dismissal on one or more claims if a pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a).  Dismissal is proper "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  While a complaint need not contain detailed factual allegations, it must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  The plaintiff must allege enough facts "to raise a right to relief above the speculative level."  Id.  In evaluating a Rule 12(b)(6) motion, a court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmovant.  Great Minds v. Off. Depot, Inc., 945 F.3d 1106, 1109 (9th Cir. 2019).  A court may generally consider only "the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice."  In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014).

**B.  Discussion**

Defendant UVC argues that the Complaint should be dismissed in its entirety because it is barred by the applicable statute of limitations.  Mot. to Dismiss ("Mot.") 4:4-7, ECF No. 13.  Defendant UVC additionally argues that dismissal is warranted because Plaintiff's claims are inadequately pled.  Id. at 5:3-7:15.  The Court finds that: (1) Plaintiff's negligence claim is barred by the applicable statute of limitations; and (2) Plaintiff's claims for breach of implied and express

warranties are inadequately pled.  The Court therefore
**GRANTS** Defendant UVC's Motion and need not discuss
Plaintiff's request for attorneys' fees.

>    1.   Plaintiff's Negligence Claim is Time-Barred by
>         the Statute of Limitations Set Forth in Article
>         1934 of the Mexican Civil Code

In diversity cases, federal courts must apply the
choice-of-law rules of the forum state.  Ledesma v. Jack
Steward Produce, Inc., 816 F.2d 482, 484 (9th Cir.
1987).  Because the present case is a diversity action
and the Court is in California, California's choice-of-
law rules apply.  See id.

Under California's choice-of-law rules, where a
cause of action arises in a foreign country, and the
action is time-barred under the laws of the foreign
country, such action cannot be brought in California
unless brought by a California citizen who has held the
cause of action from the time it accrued.  Cal. Civ.
Proc. Code § 361 (West 2022).  Here, Plaintiff is an
Idaho resident and her cause of action stems from
alleged incidents that occurred in Cabo San Lucas,
Mexico.  Compl. 2:6-9, ¶ 3.  As such, because Plaintiff
is not a California citizen, Plaintiff may only bring
this lawsuit in California if permitted under the laws
of Mexico.

Under Mexican law, the statute of limitations for
tort actions, such as the negligence claim here, is two
years from the date the alleged injury occurred.  Código

1  Civil [CC], art. 1934, Diario Oficial de la Federación
2  [DOF] 26-05-1928, últimas reformas DOF 24-12-2013; see
3  also Banco De Mex. V. Orient Fiseries, Inc., 680 F.
4  Supp. 2d 1132, 1145 (C.D. Cal. 2010).  Plaintiff's
5  injuries stem from an incident that occurred on November
6  25, 2019.  Compl. 2:6-9.  Thus, the statute of
7  limitations for Plaintiff's negligence claim ran on
8  November 25, 2021.  However, Plaintiff did not file this
9  Action until April 25, 2022.  Id.  Because Plaintiff did
10 not timely file her Complaint, her negligence claim is
11 time-barred, and this Court **DISMISSES** Plaintiff's
12 negligence claim.  Cf. G & G Prods. LLC v. Rusic, 902
13 F.3d 940, 947 (9th Cir. 2018).

14            a.    California Emergency Rule 9 Does Not Apply
15                  to Save Plaintiff's Negligence Claim from
16                  Dismissal

17      To avoid dismissal, Plaintiff asks this Court to
18 apply California's Emergency Rule 9.  Opp'n 2:1-5, ECF
19 No. 17.  The California Judicial Council adopted the
20 Emergency Rules on April 6, 2020, in light of the COVID-
21 19 pandemic.  See Cal. Rules of Court, Emergency Rule 9.
22 In particular, Emergency Rule 9 tolled the statute of
23 limitations on the commencement of civil causes of
24 action brought in California courts.[1]  Id.  Statutes of

25          ──────────────
           [1] Emergency Rule 9 states, in relevant part:
26 "Notwithstanding any other law, the statutes of limitations and
   repose for civil causes of action that exceed 180 days are tolled
27 from April 6, 2020, until October 1, 2020."  Cal. Rules of Court,
   Emergency Rule 9.  Although Emergency Rule 9 "is intended to
28 apply broadly," it is unclear whether it applies in federal

1 limitations exceeding 180 days were tolled between April
2 6, 2020 and October 1, 2020.  Id. (as amended May 29,
3 2020).  Thus, if applied to this Action, Emergency Rule
4 9 would make Plaintiff's April 25, 2022 filing timely.
5     The application of Emergency Rule 9 to a diversity
6 case in federal court presents a novel issue.
7 California federal courts have been hesitant to apply
8 Emergency Rule 9, at least in cases exercising federal
9 question jurisdiction.  See Goerss v. Pac. Gas & Elec.
10 Co., No. 21-CV-04485-EMC, 2021 WL 4932134, at *6 (N.D.
11 Cal. Oct. 18, 2021) (holding that plaintiff could "not
12 rely on the California-issued emergency rule . . .
13 because she [wa]s not in state court"); Harris v.
14 Restivo, No. 120VC00797EPGPC, 2020 WL 5439980, at *8,
15 n.3 (E.D. Cal. September 10, 2020) ("It is not clear
16 that [Emergency Rule 9] would apply to this federal
17 action."); Sholes v. Cates, No. 121CV01006DADHBK, 2021
18 WL 5567381, at *5 (E.D. Cal. Nov. 29, 2021) (finding
19 Emergency Rule 9 inapplicable to a federal habeas
20 claim).  This hesitancy in part stems from the fact that
21 Emergency Rule 9 was issued by the California Judicial
22 Council, and not any federal court or body.  Goerss,
23 2021 WL 4932134, at *4; see also Sholes, 2021 WL
24 5567381, at *5 ("Emergency Rule 9 was promulgated . . .
25 to toll the statute of limitations for civil causes of
26 action in matters brought before California *state*

27
28 diversity cases.  Cal. Rules of Court, Emergency Rule 9, Advisory
    Comm. Comment.

courts.") (emphasis added).  For the following two reasons, the Court similarly declines to apply Emergency Rule 9 to the diversity action here.

First, because California's choice-of-law rules mandate that the Mexican statute of limitations applies to Plaintiff's negligence claim, a California tolling provision cannot be extended to these circumstances. Indeed, Plaintiff does not argue that Emergency Rule 9 should be applied to the Mexican statute of limitations. Plaintiff instead asks this Court to apply the California statute of limitations in the first place, altogether disregarding the choice-of-law rules set forth in Section 361 of the California Code of Civil Procedure.  Opp'n 1:12-28.  But because this Court sits in diversity and Plaintiff is an Idaho resident, the Court applies Section 361 and thereby applies the Mexican statute of limitations *without* the California tolling rule.  See Hatfield v. Halifax PLC, 564 F.3d 1177, 1189-90 (9th Cir. 2009) (finding that non-residents "certainly should not be permitted to take advantage of the state's tolling doctrine" when their claims are time-barred under Section 361); see also G & G Prods., 902 F.3d at 946-47 (internal quotations and citation omitted) ("[A]s a matter of policy, there is no sound reason why a[] [plaintiff] should be entitled to recover in the forum if his action has been fully barred by the law of the [forum] in which it arose.").

1   Second, no evidence indicates that Plaintiff needed

2   additional time to file this Action due to the COVID-19

3   pandemic, so the circumstances do not warrant

4   application of the equitable tolling provision.  Because

5   Emergency Rule 9 was promulgated in response to

6   difficulties resulting from the COVID-19 pandemic,

7   courts determining the application of Emergency Rule 9

8   have considered whether a plaintiff faced any

9   extraordinary circumstances due to COVID-19 that

10  prevented the timely filing of their lawsuit.  See

11  Goerss, 2021 WL 4932134, at *4 (holding that, to rely on

12  Emergency Rule 9, plaintiff "would have to explain how

13  the pandemic could justify her not filing" in time);

14  Sholes, 2021 WL 5567381, at *5 (finding Emergency Rule 9

15  inapplicable where plaintiff failed to demonstrate "that

16  the reasons he cite[d] [for applying Emergency Rule 9]

17  constitute[d] extraordinary circumstances").  Here,

18  Plaintiff has not alleged that the COVID-19 pandemic

19  impeded her ability to file her claims in a timely

20  manner, nor has she pled any other extraordinary

21  circumstances that warrant application of the Emergency

22  Rule 9 equitable tolling provision.

23  In sum, the Court finds that California Emergency

24  Rule 9 does not apply to toll the statute of limitations

25  on Plaintiff's negligence claim here.  The Court

26  therefore **GRANTS** Defendant UVC's Motion as to

27  Plaintiff's negligence claim.

28  ///

1        2.   Plaintiff's Breach of Warranty Claims are
2             Inadequately Pled[2]

3      Plaintiff additionally brings claims for breach of
4  implied and express warranties.  Both claims are
5  inadequately pled and warrant dismissal for the reasons
6  below.

7        a.   Breach of Implied Warranty

8      In arguing that there "was a warranty that the
9  furniture in [Plaintiff's] room was fit for use and
10  occupation," Plaintiff appears to invoke the implied
11  warranty of habitability.  See Opp'n 8:4-6.  To state a
12  claim for breach of the implied warranty of
13  habitability, a plaintiff must show: (1) the existence
14  of a materially defective condition affecting
15  habitability; (2) notice to the landlord of the
16  condition within a reasonable time after the tenant's
17  discovery of the condition; and (3) the landlord was
18  given a reasonable time to correct the deficiency and
19  resulting damages.  Ghazaryan v. Shabazian, No.
20  LACV1708245JAKSSX, 2018 WL 6190347, at *5 (C.D. Cal.
21  Aug. 2, 2018) (citing Erlach v. Sierra Asset Servicing,
22  LLC, 226 Cal. App. 4th 1281, 1297 (2014)).

23

24        [2] While Defendant UVC has shown that the two-year Mexican statute
25  of limitations applies to any tort claims brought by Plaintiff, it is
   unclear whether the same limitations period applies to Plaintiff's
26  breach of warranty claims.  For this reason, the Court declines to
   extend the two-year Mexican statute of limitations to Plaintiff's
27  breach of warranty claims at this time.  Instead, the Court analyzes
   Plaintiff's breach of warranty claims under the 12(b)(6) pleading
28  standard.

10

1    Wholly absent from Plaintiff's Complaint is any
2    discussion of these elements.  Instead, Plaintiff only
3    argues, in a conclusory fashion, that because she was
4    provided with a hotel room, Defendant UVC impliedly
5    warranted the safety and fitness of the room.  See
6    Compl. ¶ 37.  This is insufficient to overcome dismissal
7    under 12(b)(6).  See Twombly, 550 U.S. at 555 (noting
8    that to survive dismissal, a complaint must contain
9    "more than labels and conclusions" or "a formulaic
10   recitation of the elements of a cause of action").
11       Plaintiff also fails to allege that a landlord-
12   tenant relationship existed between herself and
13   Defendant UVC to trigger the implied warranty of
14   habitability in the first place.  See Ghazaryan, 2018 WL
15   6190347, at *4 (noting that a tenant may state a cause
16   of action against his landlord for damages resulting
17   from a breach of the implied warranty of habitability).
18   Again, the only allegations Plaintiff brings to support
19   her breach of implied warranty claim are that she was
20   provided with a hotel room at the Resort, and the hotel
21   "affirmed" that the Murphy Bed was not defective.  See
22   Opp'n 8:14-16.  Besides broad, conclusory allegations
23   that an implied warranty indeed existed between
24   Plaintiff and Defendant UVC and that Defendant UVC
25   breached said warranty, Plaintiff has not pled facts "to
26   raise a right to relief above [a] speculative level."
27   See Twombly, 550 U.S. at 555.  The Court therefore
28   **DISMISSES** Plaintiff's breach of implied warranty claim.

b.   <u>Breach of Express Warranty</u>

Similarly deficient is Plaintiff's breach of express warranty claim.  "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury."  <u>Watkins v. MGA Ent., Inc.</u>, 550 F. Supp. 3d 815, 830 (N.D. Cal. 2021) (internal quotation marks and citations omitted).  "To adequately allege the exact terms of an express warranty, a plaintiff must identify a specific and unequivocal written statement relating to the title, character, quality, identity, or condition of the sold goods."  <u>Id.</u> (internal quotation marks and citations omitted).

Plaintiff fails to state a claim for breach of express warranty.  Beyond broadly alleging that an express warranty existed between herself and Defendant UVC, Plaintiff has not stated the exact terms of the warranty, nor has she identified a specific written statement relating to the warranted condition of her hotel room.  Plaintiff states only that Defendant UVC "expressly . . . warranted that . . . the Resort would . . . be in good condition and would be reasonably safe from dangerous conditions such as the collapsing Murphy Bed . . . ."  Compl. ¶ 36.  Perhaps sensing that her breach of express warranty claim is speculative, Plaintiff further refers to a case from 1888 to argue

that a warranty, whether implied or express, may exist
between a hotel and its patrons even if the word
"warrant" is not explicitly used in conversation between
the parties.  Id. ¶ 35.  This is beside the point.
Again, Plaintiff has neither shown that Defendant UVC
expressly warranted the safety of Plaintiff's hotel
room, nor identified any terms of such warranty.
Accordingly, Plaintiff has not adequately pled her
breach of express warranty claim, and this Court
**DISMISSES** the claim.

        c.   Leave to Amend

   "The court should give leave [to amend] freely when
justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the
Ninth Circuit, "Rule 15's policy of favoring amendments
to pleadings should be applied with 'extreme
liberality.'"  United States v. Webb, 655 F.2d 977, 979
(9th Cir. 1981).  Against this liberal standard, the
Court may consider "the presence of any of four factors:
bad faith, undue delay, prejudice to the opposing party,
and/or futility."  Owens v. Kaiser Found. Health Plan,
Inc., 244 F.3d 708, 712 (9th Cir. 2001).

   Given that Plaintiff's negligence claim is time-
barred, amendment would be futile.  The Court thus
**DISMISSES** Plaintiff's negligence claim **without leave to
amend**.  See Djukich v. AutoNation Inc., No.
CV1304455BROAGRX, 2013 WL 12372182, at *3 (C.D. Cal.
Oct. 11, 2013) (dismissing time-barred claims with
prejudice because repleading the claims would have been

futile).

As for Plaintiff's remaining breach of warranty claims, the Court gives Plaintiff leave to amend considering Rule 15's extremely liberal standard.  For the sake of clarity, the Court **GRANTS** leave to amend as to Plaintiff's breach of implied warranty and breach of express warranty claims only.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant UVC's Motion to Dismiss.  The Court notes that this Motion was brought only by Defendant UVC and therefore the disposition of this Order has no bearing on Defendants Villa Group and Villa del Arco.  Plaintiff's negligence claim is **DISMISSED without leave to amend.** Plaintiff's breach of implied and express warranty claims are **DISMISSED with leave to amend.**  Plaintiff may file a First Amended Complaint to cure the deficiencies outlined above within thirty (30) days of this Order.

**IT IS SO ORDERED.**

DATED: August 18, 2022           /s/ Ronald S.W. Lew
                        _____
                        **HONORABLE RONALD S.W. LEW**
                        Senior U.S. District Judge