JS-6    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON JEANNE SHUBIN,<br><br>          Plaintiff,<br><br>     v.<br><br>UNIVERSAL VACATION CLUB et al.,<br><br>          Defendants. | CV 22-02748-RSWL-AGRx<br><br>**ORDER re:**<br>**DEFENDANT'S MOTION TO DISMISS** [23] |

     Plaintiff Sharon Jeanne Shubin ("Plaintiff") brought the instant Action against Defendant Universal Vacation Club ("Defendant") alleging breach of warranty. Currently before the Court is Defendant's Motion to Dismiss [23].

   Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion **WITHOUT LEAVE TO AMEND.**

///

1

1                           I.   BACKGROUND

2    **A.   <u>Factual Background</u>**

3         Plaintiff alleges the following in her First

4    Amended Complaint ("FAC"):

5         Plaintiff is an individual domiciled in Idaho.

6    First Am. Compl. ("FAC") ¶ 3, ECF No. 22.  Defendant is

7    an international corporation which conducts business in

8    California and is headquartered in Nevada.  <u>Id.</u> ¶ 4.

9    Defendant is a vacation ownership management company

10   serving as the homeowners' association for Villa Group

11   and Villa del Arco.  <u>Id.</u>  Defendant's members are owners

12   of timeshare interests in approved affiliate resorts,

13   including a resort in Cabo San Lucas, Mexico (the

14   "Resort").  <u>Id.</u>

15        On April 25, 2008, Plaintiff and Defendant signed a

16   promissory note ("Agreement") outlining Plaintiff's Gold

17   Membership at the Universal Vacation Club.  <u>Id.</u> ¶ 12.

18   Accordingly, Plaintiff reserved a stay at the Resort for

19   November 2019.  <u>Id.</u> ¶¶ 8, 17.  Upon her arrival,

20   Plaintiff was shown to her suite, which was equipped

21   with a heavy wall bed (the "Murphy Bed").  <u>Id.</u> ¶ 13.

22   The Murphy Bed contained lifting components which folded

23   up into the wall when not in use.  <u>Id.</u>  On November 25,

24   2019, Plaintiff was in her suite lowering the Murphy Bed

25   when it fell out of the wall and landed on the lower

26   part of her body.  <u>Id.</u> ¶¶ 14-15.

27        As a result of the incident, Plaintiff sustained

28   leg injuries and received medical services at a hospital

                                2

1  in Cabo San Lucas, Mexico and later at a hospital in

2  Boise, Idaho.  Id. ¶¶ 19-24.

3  **B.  Procedural Background**

4       Plaintiff filed her Complaint [1] on April 25,

5  2022.  Defendant filed the instant Motion [25] on

6  September 29, 2022.  Plaintiff opposed [28] the Motion

7  on October 11, 2022.  Defendant replied [29] on October

8  18, 2022.

9                  **II.  DISCUSSION**

10 **A.  Legal Standard**

11      Federal Rule of Civil Procedure ("Rule") 12(b)(6)

12 allows a party to move for dismissal on one or more

13 claims if a pleading fails to state a claim upon which

14 relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under

15 Rule 8(a), a complaint must contain "a short and plain

16 statement of the claim showing that the pleader is

17 entitled to relief" to give the defendant "fair notice

18 of what the . . . claim is and the grounds upon which it

19 rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

20 (2007); see also Fed. R. Civ. P. 8(a).  Dismissal is

21 proper "where the complaint lacks a cognizable legal

22 theory or sufficient facts to support a cognizable legal

23 theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521

24 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v.

25 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

26 1988)).

27      "To survive a motion to dismiss, a complaint must

28 contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  While a complaint need not contain detailed factual allegations, it must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  The plaintiff must allege enough facts "to raise a right to relief above the speculative level." Id.  In evaluating a Rule 12(b)(6) motion, a court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmovant.  Great Minds v. Off. Depot, Inc., 945 F.3d 1106, 1109 (9th Cir. 2019).  A court may generally consider only "the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014).

"When the running of the statute [of limitations] is apparent from the face of the complaint . . . the defense may be raised by a motion to dismiss." Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 119 (9th Cir. 1980).

**B. Discussion**

1. Judicial Notice

A court may judicially notice an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. of Evid. 201(b). Under the judicially created incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)." Marder v. Lopez, 450 F.3d 445, 447 (9th Cir. 2006). Judicial notice is proper for documents satisfying the incorporation-by-reference doctrine.  In re Maxwell Techs., Inc. Derivative Litig., No. 13-CV-966-BEN RBB, 2014 WL 2212155, at *1 (S.D. Cal. May 27, 2014).

Here, Defendant has requested that the Court judicially notice or incorporate by reference the contract between Plaintiff and Defendant to purchase timeshare interests.  See Detering Decl. ¶ 3, ECF No. 23-1.  Plaintiff cites to and attaches the same contract to her Complaint to establish a landlord-tenant relationship between Plaintiff and Defendant.  See generally FAC.  Plaintiff's breach of warranty claim relies on an alleged landlord-tenant relationship between herself and Defendant.  Additionally, neither Plaintiff nor Defendant question the authenticity of the documents attached to Defendant's Motion to Dismiss. See generally Mot.; see also Opp'n.  Therefore, since the FAC necessarily relies on the contract under the

incorporation-by-reference doctrine, the Court
incorporates the contract by reference.

>    2.   Plaintiff's Breach of Warranty Claim Is
>         Inadequately Pled[1]
>
>         a.   *Breach of Implied Warranty*

In arguing that there "was a warranty that the
furniture in [Plaintiff's] room was fit for use and
occupation," Plaintiff appears to invoke the implied
warranty of habitability.[2]  See Opp'n 4:14-15.  To state
a claim for breach of the implied warranty of
habitability, a plaintiff must show: 1) the existence of
a materially defective condition affecting habitability;
2) notice to the landlord of the condition within a
reasonable time after the tenant's discovery of the
condition; and 3) that the landlord was given a
reasonable time to correct the deficiency and resulting
damages.  Ghazaryan v. Shabazian, No. LACV1708245JAKSSX,
2018 WL 6190347, at *5 (C.D. Cal. Aug. 2, 2018) (citing
Erlack v. Sierra Asset Servicing, LLC, 226 Cal. App. 4th

---

[1] While Defendant has argued that the two-year Mexican
statute of limitations applies to any tort claims brought by
Plaintiff, it is unclear whether the same limitations period
applies to Plaintiff's breach of warranty claims.  For this
reason, the Court declines to extend the two-year Mexican statute
of limitations to Plaintiff's breach of warranty claims.
Instead, the Court analyzes Plaintiff's breach of warranty claims
under the 12(b)(6) pleading standard.

[2] Plaintiff does not specify in her FAC whether she alleges
a breach of an implied or express warranty.  See generally FAC.
Therefore, the Court considers whether she has sufficiently
alleged in her Complaint a breach of an express warranty, a
breach of an implied warranty, or whether she has sufficiently
alleged a breach of both.

1   1281, 1297 (2014)).

2       Here, Plaintiff failed to sufficiently plead an

3   implied warranty of habitability claim.  See generally

4   FAC.  Plaintiff only alleged the first element,

5   materially defective condition.  Id. ¶ 33.  Plaintiff

6   ultimately failed to allege the other elements of an

7   implied warranty of habitability claim because there is

8   no indication of a landlord-tenant relationship between

9   Plaintiff and Defendant. See generally id.; see also

10  Ghazaryan, 2018 WL 6190347, at *4 (noting that a tenant

11  may state a cause of action against his landlord for a

12  breach of the implied warranty of habitability).

13      Plaintiff attempts to plead an implied warranty of

14  habitability claim by asserting that she is a lodger.

15  See generally Opp'n.  She asserts that she is a lodger

16  because the contract with Defendant states "membership

17  entitles the owner thereof to executive lodging rights

18  and services in an unspecified Unit . . ."  FAC ¶ 30.

19  However, Plaintiff discusses her alleged lodger status

20  and her warranty of habitability claim in regard to her

21  relationship with the Resort, not Defendant.  Id.

22  Furthermore, the provisions of the Agreement, signed

23  between Plaintiff and Defendant, clearly state that

24  Defendant "does not own, and will not own, the real

25  property, land, or buildings of the Resort . . . and is

26  not related" to the Resort.  Ex. 1 at 16, ECF No. 23-2.

27  Thus, because Plaintiff is not in a landlord-tenant

28  relationship with Defendant, Plaintiff has not pled

1    facts "to raise a right to relief above [a] speculative

2    level." <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,

3    555 (2007).  Therefore, Plaintiff has failed to

4    sufficiently allege a breach of an implied warranty

5    claim.

6            b.   *Breach of Express Warranty*

7      A breach of an express warranty requires the

8    plaintiff to plead the "terms of the warranty,

9    plaintiff's reasonable reliance thereon, and a breach of

10   that warranty which proximately causes plaintiff

11   injury." <u>Watkins v. MGA Ent., Inc.</u>, 550 F. Supp. 3d

12   815, 830 (N.D. Cal. 2021) (internal quotation marks and

13   citation omitted).  To adequately plead the "terms of

14   the warranty, a plaintiff must identify a specific and

15   unequivocal written statement relating to the title,

16   character, quality, identity, or condition of the sold

17   goods." <u>Id.</u> (internal quotation marks and citations

18   omitted).

19      Here, Plaintiff fails to state a claim for breach

20   of an express warranty.  Any allegation of the terms of

21   a warranty is entirely absent from the FAC.  <u>See</u>

22   <u>generally</u> FAC.  In addition, Plaintiff has not

23   identified any specific written statements relating to

24   her hotel room's warranted condition.  <u>See</u> <u>generally</u> <u>id.</u>

25   Instead, Plaintiff broadly alleges that Defendant

26   "warranted that . . . the Resort would . . . be in good

27   condition and would be reasonably safe from dangerous

28   conditions such as the collapsing Murphy Bed." <u>Id.</u> ¶

35.  Plaintiff has neither shown that Defendant expressly warranted in writing the safety of Plaintiff's hotel room, nor has Plaintiff identified any terms of such a warranty.[3]  Ultimately, Plaintiff has not adequately pled a breach of an express warranty claim in her FAC.  Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's breach of warranty claim.

    3.  <u>Leave to Amend</u>

"The court should give leave [to amend] freely when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981).  Against this liberal standard, the Court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001).  While the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," leave need not be granted where amendment would be "an exercise in futility."  <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

Here, allowing Plaintiff to amend the FAC would be

---

[3] The Court previously afforded Plaintiff leave to amend her original Complaint on the breach of warranty claim.  In her amended Complaint, Plaintiff only added allegations relating to her claim for an implied warranty of habitability.  <u>See generally</u> FAC.  Plaintiff did not add any allegations supporting her breach of an express warranty claim.  <u>Id.</u>

futile because Plaintiff has not indicated that any additional facts exist that would establish a breach of warranty.  Given that Plaintiff and Defendant were not in a landlord-tenant relationship and that no express written warranty exists, a breach of warranty claim cannot be cured through further amendment.  Because the defective breach of warranty claim cannot be cured through amendment, leave to amend would be futile.  See Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc., 817 F. App'x 380, 385 (9th Cir. 2020) (affirming district court's denial of leave to amend because no additional facts are available that would support plaintiff's claim to cure its deficiencies).  Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's breach of warranty claim **WITHOUT LEAVE TO AMEND.**

### III. CONCLUSION

In sum, Plaintiff failed to sufficiently plead a breach of warranty claim in her FAC.  Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's breach of warranty claim **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

DATED: December 9, 2022        /s/Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge